■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ALEX LOPEZ and MANUEL LA MOTA, Appellants.—Appeal by
the defendants from two judgments (one as to each of them) of
the Supreme Court, Kings County (Goldstein, J.), both ren-
dered November 15, 1982, convicting each of them of man-
slaughter in the first degree, reckless endangerment in the
first degree, and criminal possession of a weapon in the second
degree, upon jury verdicts, and imposing sentences.

Ordered that the judgment as to the defendant Lopez is
affirmed; and it is further,

Ordered that the judgment as to the defendant La Mota is
modified, on the law, by reversing the convictions of reckless
endangerment in the first degree and criminal possession of a
weapon in the second degree, vacating the sentences imposed
thereon, and dismissing those counts of the indictment. As so
modified, the judgment as to the defendant La Mota is af-
firmed.

The evidence adduced at trial, viewed in the light most
favorable to the People (see, People v Contes, 60 NY2d 620),
established that Delia Torres, Elizabeth Roldan, and David
Acosta met with Elizabeth Garcia, Jimmy Rivera, and the
decedent at South Second Street in Brooklyn on the afternoon
of February 9, 1981. Sometime thereafter, they proceeded
along Marcy Avenue toward the subway station. The decedent
and Roldan were walking ahead of the rest. When they
reached South First Street, the defendant Lopez emerged from
an automobile approximately six feet away and began firing
shots at the group. Acosta, Torres, and some of the others
scattered. The decedent pushed Roldan into a nearby doorway
and began to grapple with Lopez. The defendant La Mota then
came running down the block toward the combatants, bran-
dishing a knife. Upon reaching the scene of the struggle, he
stabbed the decedent.

The decedent was subsequently taken to the hospital. Luz
Robles, his girlfriend, arrived sometime thereafter. He told
her that La Mota had stabbed him during the altercation with
Lopez, and requested that she tell Rivera and Acosta to press
charges against them. He also stated that he believed he was
going to die. The decedent later died as a result of the stab
wound.

We conclude that the statements made by the decedent to
Roldan at the hospital were properly admitted into evidence
as dying declarations (see, People v Nieves, 67 NY2d 125).

The evidence was legally sufficient to sustain each of the

charges of which the defendant Lopez was convicted, as well as the defendant La Mota's conviction of manslaughter in the first degree. The evidence, however, does not support a conclusion that La Mota is criminally liable with respect to either of the remaining counts of which he was convicted. There is no evidence from which the jury could reasonably infer that La Mota possessed the requisite mental culpability for the commission of reckless endangerment in the first degree, or that he solicited, requested, commanded, importuned, or intentionally aided Lopez in the commission of this crime (see, Penal Law § 20.00). The testimony is uncontroverted that his participation in the incident commenced subsequent to Lopez's act of firing into the group. Furthermore, the evidence did not establish any relevant connection between the defendants so as to support an inference of common criminal intent to use the gun unlawfully against another (see, Penal Law § 265.03). Accordingly, we must reverse La Mota's convictions of reckless endangerment in the first degree and criminal possession of a weapon in the second degree.

The remainder of the defendants' claims are unpreserved for our review and, in any event, are without merit. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.