■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered July 8, 1986, convicting him of criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, his brothers and a friend were involved in a confrontation with Louis Serrano on August 23, 1985, in their Long Island City, Queens, apartment building. The defendant

was armed with a fork. His companions were armed with a knife and flowerpot. Words were exchanged which culminated in Serrano being struck on the head with a flowerpot by one of the defendant's brothers, Julio.

The defendant was convicted of criminal possession of a weapon in the fourth degree by reason of his participation in the incident.

The defendant contends that the People failed to prove that he intended to use the flowerpot unlawfully against Serrano, and, therefore, he cannot be held responsible for his brother's action (see, Penal Law § 20.00; *People v La Belle,* 18 NY2d 405, 412). Viewing the evidence adduced at the trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that Julio's act in striking Serrano with the flowerpot was not spontaneous and therefore there was legally sufficient evidence that the defendant shared Julio's intent.

The defendant also argues that the court's verdict finding him guilty of criminal possession of a weapon in the fourth degree was against the weight of the evidence. Upon the exercise of our factual review power (CPL 470.15 [5]), we find that the trial court's findings that the defendant acted in concert with another to possess a dangerous instrument with intent to use it unlawfully against Serrano (Penal Law § 265.01 [2]) was not against the weight of the evidence. Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.