■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS C. SIGNORILE, Appellant.—In a proceeding pursuant to CPL 540.30, arising out of a criminal action, for the remission of a forfeiture of bail, the appeal is from an order of the Supreme Court, Suffolk County (McInerney, J.), dated January 2, 1987, which denied the application.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted and the County Treasurer of Suffolk County is directed to return the sum of $2,500 to the petitioner.

Since there was no competent proof of forfeiture, the petitioner was entitled to a return of his bail *(see,* CPL 540.10). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SINGLETARY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered May 19, 1981, convicting him of rape in the first degree, robbery in the first degree and robbery in the second degree (two counts), criminal possession of a weapon in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief and those challenging the propriety of his sentence and find them to be without merit *(see, People v Ray,* 96 AD2d 763, *lv denied* 60 NY2d 707; *People v Stokes,* 118 AD2d 670, *lv denied* 68 NY2d 672). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.