■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVIN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered May 20, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, criminal possession of a hypodermic instrument and unlawful possession of marihuana, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove beyond a reasonable doubt that he committed the crime of criminal sale of a controlled substance in the third degree. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People presented the testimony of a police officer who observed the entire transaction through binoculars and the testimony of the police officers who quickly arrested the buyer of the heroin and recovered the heroin.

The defendant further contends that the trial court should have credited the testimony of the drug buyer, a defense witness, who testified that he did not buy the heroin from the defendant and was only given marihuana by the defendant. However, resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the fact finder who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The fact finder's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). In this case, the defense witness, who was a drug addict and a close friend of the defendant, had a substantial criminal record and gave an internally contradictory version of the events in question. Thus, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.