■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL O'LEARY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered January 15, 1988, convicting him of grand larceny in the second degree, criminal mischief in the second degree,

possession of burglar's tools, and trespass, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of possession of burglar's tools, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On this appeal, the defendant claims, *inter alia,* that the prosecution failed to adduce evidence legally sufficient to establish the offense of possession of a burglar's tool. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally insufficient to establish the defendant's guilt of possession of burglar's tools and modify the judgment of conviction accordingly.

However, also viewing the evidence on the other charges in the light most favorable to the prosecution *(see, People v Contes, supra),* we find that it was legally sufficient to establish the defendant's guilt of the remaining counts for which he was convicted. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to those counts was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim on appeal that he was denied the effective assistance of counsel is without merit. The record indicates that the defense attorney provided a vigorous defense, which included making several pretrial applications, raising various objections during the course of the trial, and conducting skillful cross-examination of the People's witnesses. To the extent that the defendant has complained of various alleged omissions by his trial counsel, those complaints concern matters dehors the record which are not properly before this court. Viewing the totality of the circumstances herein, we find that defense counsel provided the defendant with meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

We find the defendant's remaining contentions to be either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.