■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WIGGINS, Appellant.—

The defendant's contention that the evidence was legally insufficient to support his conviction for robbery in the second degree and attempted robbery in the second degree is without merit. The evidence adduced at trial established that the defendant, together with two accomplices, entered a well-lit elevator occupied by the two complainants and, at gunpoint, robbed one and attempted to rob the other. The two complainants had ample opportunity to view the defendant when he accosted them, when he searched one complainant's pockets and when he backed out of the elevator. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We also reject the defendant's argument that he was deprived of a fair trial by reason of the complainant's unsolicited testimony that she viewed "mugshots" at the police precinct. Although this error is preserved for appellate review, we conclude that reversal is not warranted in view of the overwhelming proof of guilt.

Finally, we have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Brown, Kooper and Miller, JJ., concur.