■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN SOLOMON, Also Known as BRIAN SOLOMAN, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 5, 1988, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On June 10, 1987, at approximately 10:30 P.M., Police Officer Martin Doyle, a 19-year veteran of the New York City Police Department experienced in making narcotics arrests, entered a park in Queens County known to him to be the site of narcotics-related activity. Officer Doyle observed the defendant hand his codefendant Thurston Richey an object, which at first the officer could not identify, in exchange for a large wad of money. The defendant placed the money Richey gave him in his front jacket pocket. Officer Doyle noticed that the object Richey clutched in his hand and which was partially visible appeared to be a brown paper bag. The defendant and Officer Doyle made eye contact following which Richey quickly threw away the brown paper bag he was holding. The bag hit a tree

and fell to its base, partially spilling the contents of clear plastic vials of crack cocaine. Twenty-eight vials of crack cocaine were recovered. A search incident to the defendant's arrest produced a total of $2,370 in cash from the defendant's possession.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to convict the defendant of the sale of cocaine. Contrary to the defendant's contention, this is not a case based solely on circumstantial evidence but rather one supported by both direct and circumstantial evidence to which the "moral certainty" standard does not apply *(People v Barnes,* 50 NY2d 375). Moreover, upon the exercise of our factual review power, we are satisfied that the court's verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We do not find the defendant's sentence to be unduly harsh under the circumstances of this case. Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.