■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORVILLE PALMER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 1, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The credible evidence at trial established that on February 14, 1986, at approximately 8:30 P.M., an undercover police officer went to 3618 Church Avenue, a known drug location, as part of a "buy-and-bust" operation. The officer was initially approached by the codefendant Keith Bendit, who informed him that he was unsure if he could be of assistance in procuring crack cocaine for him but instructed him to wait. Bendit and the defendant walked past each other and the defendant asked the officer what he was looking for. When the officer replied that he wanted to purchase $20 worth of crack cocaine, the defendant told the officer to follow him into a

building at 3816 Church Avenue. The officer gave the defendant $20, which the defendant passed to Bendit through a Plexiglas partition with a slit. Bendit gave the defendant a vial of crack cocaine which he transferred to the officer.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt and disprove his agency defense beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find that they are unpreserved for appellate review or without merit. Mangano, P. J., Eiber, Sullivan and Balletta, JJ., concur.