■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST McCOY, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J.), rendered on December 17, 1987, convicting defendant, after trial by jury, of murder in the second degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and sentencing him to consecutive terms of 25 years to life on the murder counts to be served concurrently with concurrent terms of 5 to 15 years on the remaining counts, is unanimously affirmed.

Defendant was implicated in the slaying for hire of two drug dealers who had robbed a rival drug location. At the first trial of this matter, the jury found defendant guilty of the charges relating to possession of a weapon but deadlocked on the murder counts of the indictment. He was subsequently convicted of those counts at a retrial.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt *(People v Contes,* 60 NY2d 620). The jury had the responsibility of resolving any inconsistencies in the testimony of the prosecution's witnesses and, while defendant's testimony conflicted with the testimony offered by the People, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, was also to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84).

Contrary to defendant's contention, the court's evidentiary rulings, most of which were not objected to at trial, did not deprive him of a fair trial. Nor was the sentence imposed unduly harsh or excessive. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.