■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON RAMSEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 9, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the jury could reasonably conclude that the defendant was in close proximity to the drugs found by the police and that he constructively possessed the drugs in question. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY REED, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Westchester County (Rosato, J.), imposed August 3, 1988.

Ordered that the sentence is affirmed.

The defendant's attorney in the County Court expressly acknowledged that the plea agreement was made "with the understanding" that the sentence imposed would be "consecutive" to the sentence imposed in an unrelated prosecution. The defendant's sole contention on this appeal, that the court should have directed that the sentence run concurrently with the sentence previously imposed in connection with the unrelated prosecution, is therefore, meritless. Mangano, P. J., Bracken, Kunzeman, Harwood and O'Brien, JJ., concur.