■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN SEGAL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.),

rendered January 25, 1990, convicting him of conspiracy in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence.

On April 6, 1987, the defendant's brother was murdered. At the time of his death, the deceased was involved in divorce proceedings with his wife and this caused some acrimony between the deceased's family and his wife's family. The two leading suspects in the murder of the defendant's brother were the father and brother-in-law of the wife of the defendant's brother, but there was not enough evidence to justify their arrests. Frustrated with the failure of the authorities to effect an arrest for the murder of his brother, the defendant in April 1988 conspired with his own brother-in-law, David Simon, to murder the father of the deceased's wife. Later, in June 1988 the defendant and Simon added the brother-in-law of the deceased's wife to the list of potential victims, agreeing that "if they [the victims] could both be taken down together then that would be good". The most damning piece of evidence against the defendant was a tape-recorded conversation between him and Simon, who had previously been arrested and had agreed to wear a recording device. That conversation revealed the details of the plans which involved hiring two hitmen engaged by Simon. (The hitmen were, in fact, two undercover police officers.) Therefore, contrary to the defendant's specific contention, there was ample evidence in the record of the defendant's guilt, notwithstanding the defendant's attack on Simon's reputation as a thief and a "con artist".

We also find that the defendant was properly charged with and convicted of two separate counts of conspiracy since the evidence revealed that the original conspiracy concerned only one victim, and there was a later criminal agreement which concerned a second intended victim (cf., *People v Okafore,* 72 NY2d 81, 89-90).

The defendant's remaining contentions are without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.