■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE FALCON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 15, 1989, convicting him of rape in the first degree, rape in the second degree (two counts), rape in the third degree (two counts), incest (five counts), and endangering the welfare of a minor (five counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with several crimes relating to his alleged engagement in sexual intercourse with his daughter over a period of approximately four years. At the trial, the defendant's daughter testified that the defendant had sexual intercourse with her on different occasions. Also, a doctor testified that in her opinion, the defendant's daughter had been sexually abused.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant argues that the court should not have credited his daughter's testimony because it was incredible. However, the resolution of issues of credibility is for the trier-of-fact which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.