■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GARCIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 3, 1989, convicting him of murder in the

second degree (two counts), burglary in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the People failed to prove his guilt of burglary and felony murder beyond a reasonable doubt because there was no evidence to establish that he entered the victim's apartment voluntarily. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The victim's girlfriend testified that she and the victim were lying in bed on the night of December 17, 1987, when she heard a noise coming from the kitchen. She alerted the victim, who picked up a metal pole and went to the kitchen to investigate the noise. The victim's girlfriend followed him to the kitchen and observed the victim and the defendant engaged in a struggle. Thus, while there was no direct evidence concerning the defendant's method of entry into the apartment, the jury could have reasonably inferred that he was already in the kitchen when the victim entered that room, and discredited the defendant's claim that the victim forced him into the apartment by pulling him in through the kitchen window. In addition, contrary to the defendant's contention, the jury could have reasonably concluded that the shooting was intentional based upon the testimony of two eyewitnesses, who observed the defendant shoot the unarmed victim after the victim had fallen to the floor.

Further, we find that the court did not improvidently exercise its discretion in sentencing the defendant to consecutive terms for burglary and intentional murder, and that the sentences imposed by the court were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.