■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 21, 1991, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), and giving the People the benefit of every reasonable inference to be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766; *People v Way,* 59 NY2d 361), it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree and criminal possession of a weapon in the second

degree beyond a reasonable doubt and to disprove his justification defense beyond a reasonable doubt. The testimony of the People's two principal witnesses established that the defendant and the victim were engaged in a loud argument in the doorway of the defendant's grocery store in Brooklyn. The victim was standing just outside of the store and the defendant, who was holding the door open with his left hand, was standing just inside of the store. One witness observed the defendant reach into his back pocket with his right hand. Although no one actually saw the defendant fire the gun, both witnesses testified that the shots came from inside of the store.

The defendant told the police that the victim had been coming toward him with a gun and that he had hit the victim's hand to knock the gun away. As a result, the gun went off and the victim fell to the ground. However, neither the People's witnesses nor the defense witnesses saw the victim holding a gun. Moreover, the Medical Examiner who performed the autopsy testified that it was extremely unlikely that the victim's wounds to his face and chest were caused by someone merely hitting his hand during a struggle and causing the gun to fire. The Medical Examiner also testified that the victim's wounds were consistent with the victim having been shot by someone who was standing directly in front of him.

Furthermore, the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). While the defendant contends that his actions were justified and not the result of any injurious intent, the jury was not obligated to believe the testimony of the defendant's witnesses that the victim owned a gun and that he had threatened to kill the defendant two days before and again just prior to the shooting. Nor was the jury obligated to give great weight to the testimony of the defendant's expert that the victim's wounds could have been caused during a struggle in which his own gun was turned on himself, especially since the expert also testified, on cross-examination, that the victim's wounds could also have been caused by someone else shooting him. It is axiomatic that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the evidence (see, People v Garafolo, 44 AD2d 86). Since the jury's verdict in this case

was supported by the evidence in the record, it should not be disturbed, notwithstanding the testimony of the defendant's witnesses.

The defendant's sentence was in all respects proper *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.