■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CASSAS, Appellant. [599 NYS2d 107] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 26, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's ommibus motion which was to suppress a statement made by the defendant's attorney, on his behalf, to the police.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the hearing court erred in refusing to suppress the statement made by his attorney to the police on the morning of June 25, 1987, hours after the shooting. The facts adduced at the hearing clearly established that the attorney was acting as the defendant's agent at the time and that his statement "I brought my client in to surrender. I believe he shot his wife. You'll find the gun in the room. It will have my client's prints on it," was authorized by the defendant. Accordingly, this statement was admissible against the defendant at trial *(see,* Richardson, Evidence § 253 [Prince and Farrell 10th ed 1985 Supp]).

We further find that the statement constituted direct evidence of the defendant's guilt *(see, People v Licitra,* 47 NY2d 554). Since the case consisted of direct and circumstantial evidence, the "moral certainty" analysis does not apply in reviewing the sufficiency of the evidence presented *(see, People v Basir,* 179 AD2d 662).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.