■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NICHOLAS GATEWOOD, Appellant. [601 NYS2d 17] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered January 16, 1991, convicting him of criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a so-called "buy and bust" operation. An undercover police officer testified that he approached the defendant and asked whether he had any cocaine. The defendant responded, "How many do you want?" and, when the undercover officer asked for two "caps", the defendant led that officer to the codefendant, accepted $25 in prerecorded money from the undercover officer, handed the money to the codefendant in exchange for two orange-capped vials containing crack cocaine, and handed the vials to the undercover officer. The undercover officer then radioed the police backup team, and watched as they arrested the defendant and the codefendant. The undercover officer made a confirmatory identification immediately after the arrest. One of the arresting officers testified to finding $5 of the prerecorded money on the defendant's person, along with another $26 and a bag of marihuana. Four vials and $142, of which $20 was prerecorded money, were seized from the codefendant. Police chemists testified that the four vials seized from the codefendant and the two vials bought by the undercover officer contained cocaine.

The defendant testified that he did not sell cocaine to the undercover officer, but was selling marihuana, and had $5 in prerecorded money only because the codefendant had bought marihuana from him.

We find no merit in the defendant's contention that his guilt was not proven beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict

was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.