■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Appellant. [602 NYS2d 217] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (George, J.), rendered April 26, 1989, convicting him of robbery in the first degree, criminal possession of a weapon in the fourth degree, and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence demonstrates that the defendant, while a New York City Correction Officer, stopped the complainant by yelling "[p]olice" and displaying a shield. The complainant then complied with the defendant's command, and the defendant, acting in concert with another person, proceeded to rob the complainant at knifepoint. The defendant now contends that the People failed to prove his guilt of criminal impersonation in the first degree beyond a reasonable doubt, in that the defendant, who was then a New York City Correction Officer, could not be guilty of impersonating a police officer.

Initially, we note that in his motions to dismiss the indictment made at the close of the People's case and after the defense had rested, the defendant failed to raise the ground he now asserts on appeal, thereby failing to preserve this specific argument for appellate review (see, CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858; *People v Udzinski*, 146 AD2d 245). In any event, we find that the defendant's argument has no merit.

A person is guilty of the crime of criminal impersonation in the first degree under Penal Law § 190.26 when he:

"1. Pretends to be a police officer, or wears or displays without authority, any uniform, badge or other insignia or facsimile thereof, by which such police officer is lawfully distinguished *or expresses by his words or actions that he is acting with the approval or authority of any police department;* and

"2. So acts with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon said pretense and in the course of such pretense commits or attempts to commit a felony" (emphasis supplied).

The evidence supports the finding that the defendant stopped the complainant by identifying himself as a police officer, and then proceeded to rob the complainant. Under a common sense reading of the statute, a person is guilty of criminal impersonation in the first degree not only when he misrepresents who he is, but also when he represents that he is acting with the approval or authority of a police department, thereby abusing his status and position of authority in order to commit a felony.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.