■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HERNDON, Appellant. [608 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Matthews, J.), rendered March 19, 1987, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the third degree, criminal use of drug paraphernalia in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in denying suppression of cocaine, weapons, and drug paraphernalia because the hearing testimony demonstrated that the defendant consented to the officers' presence in his apartment (see, People v Adams, 53 NY2d 1, 9, cert denied 454 US 854). Additionally, the defendant's statements to the police were admissible because they were spontaneous and not the result of a custodial interrogation (see, People v Rios, 123 AD2d 404).

Contrary to the defendant's contentions, viewing the evi-

dence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), including the evidence of the weight of the cocaine possessed by the defendant, we find that, it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not unduly harsh or excessive.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.