■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RAMOS, Appellant. [608 NYS2d 847] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered November 21, 1991,

convicting him of rape in the first degree under Indictment No. 6980/90, and rape in the first degree and criminal contempt in the second degree under Indictment No. 3434/91, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant stands convicted of raping the complainant in her apartment on November 11, 1990, and May 22, 1991. The defendant argues that the complainant consented to the intercourse on November 11, 1990, and argues that his conviction for that rape was not supported by legally sufficient evidence, and was against the weight of the evidence. We disagree.

Viewing the evidence adduced at the trial of Indictment No. 6980/90 in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant used forcible compulsion to engage in intercourse with the complainant on November 11, 1990 (see, Penal Law § 130.35). The proof establishes that she submitted out of fear for the safety of herself and her children (see, People v Thompson, 72 NY2d 410, 415-416; People v Coleman, 42 NY2d 500, 505-506). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on that indictment was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentences are not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.