■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KIRCHNER, Appellant. [607 NYS2d 122] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered March 12, 1992, convicting him of assault in the first degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated July 16, 1992, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic, in light of the determination of the appeal from the judgment. The facts have been considered and are determined to have been established.

The defendant claims that the People failed to provide him with a witness's pretrial statement to the District Attorney that he observed the defendant repeatedly stab one of the complainants. Thus, the defendant argues there has been a Rosario violation requiring reversal of his conviction. The People concede that they failed to provide the defendant with the statement, but contend that this statement is the duplicative equivalent of statements contained in various police reports which were turned over to the defendant prior to trial. We find that the statement made to the District Attorney is not the duplicative equivalent of any statement contained in the police reports (see, People v Young, 79 NY2d 365, 370). While the person who gave the statement to the District Attorney is identified as an "eyewitness" on the police reports,

there is no statement on any of the reports which is allegedly attributable to this witness. In fact the reports indicate that it was the complainants who furnished the accounts of the incidents which appear in the reports. Since the defendant was deprived of the use of this statement at the time his counsel cross-examined the witness, the judgment must be reversed *(see, People v Jackson,* 78 NY2d 638).

Although a new trial is required, we note that the proof adduced at trial was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In light of our determination ordering a new trial, we need not reach the remaining issues. Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.