OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of three counts of robbery in the first degree. The case against him rested largely on the identification testimony of a witness to the crime. That witness had had five to six minutes at the crime scene to observe defendant in excellent lighting conditions at close range. Immediately after the crime, the witness gave a detailed description of the perpetrator to police, including a tattoo which the witness had seen partially exposed. Defendant was arrested the next day and the witness, attending a lineup, identified him but with less than complete certainty. None of the subjects of the lineup had their arms *621 exposed. After the lineup, the witness was shown a photograph of an arm with a tattoo, to which the witness responded that it appeared to be that of the assailant.
At trial, defendant was instructed to show the jury and the witness his tattooed arm, exposed only to the extent that the arm of the robber had been exposed. The witness then made a positive identification of defendant as the robber. Defendant, on this appeal, while not challenging the identification procedure, claims that the evidence of his guilt was legally insufficient. He contends that the only reason that the witness was able to positively identify defendant, after having been shown defendant’s arm again at trial, was that he had been shown a photograph of defendant’s tattooed arm some six months before trial. Defendant concludes that the basis of the witness’s identification of defendant could not therefore have been observations made at the time of the crime.
The standard for reviewing the legal sufficiency of evidence in a criminal case is whether “after viewing the évidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt” (Jackson v Virginia, 443 US 307, 319 [emphasis in original]). Applying this standard, it cannot be said that the only rational inference that can be drawn from the witness’s in-court identification of defendant after having viewed his tattooed arm, is that the identification was the result of having been shown a photograph of the tattooed arm, and not from his observations at the crime scene. This being the only challenge to the evidence of defendant’s guilt, the evidence must be held sufficient to support defendant’s conviction.
Defendant also contends that the jury had been charged by the court in a way that impermissibly shifted a burden of proof to him. No objection or submission of an alternative instruction having been made, the point has not been preserved for this court’s review (see People v Cadorette, 56 NY2d 1007; People v Thomas, 50 NY2d 467).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
*622 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.