■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCHELL ROBERTSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered June 17, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, inter alia, the denial, after a hearing, of the defendant's motion to suppress identification evidence.

Judgment affirmed.

The defendant contends that the evidence adduced at the trial failed to establish his guilt beyond a reasonable doubt. Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find it to be legally sufficient to support the defendant's conviction. We also reject the defendant's contention that his in-court identification by a witness to the shooting should have been suppressed as the product of improper police conduct. The photographic identification procedures employed at bar were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" (Simmons v United States, 390 US 377, 384). In any event, even if these procedures were unduly suggestive, the People established an independent source for the identification of the defendant by the witness by clear and convincing evidence at the pretrial Wade hearing (see, People v Ballott, 20 NY2d 600, 606). Finally, we conclude that the allegedly improper remarks

made by the prosecutrix during the cross-examination of a defense witness and during her summation did not serve to deprive the defendant of a fair trial. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.