THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FLIPPEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 12, 1982, convicting him of robbery in the first degree, rape in the first degree, and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Justice Rubin has been substituted for the late Justice Gibbons (22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, as we must *(see, People v Benzinger,* 36 NY2d 29), and bearing in mind that the credibility of witnesses and the weight to be afforded their testimony are generally matters for resolution by the jury *(see, People v Bauer,* 113 AD2d 543), we find that the defendant's guilt was established beyond a reasonable doubt since " 'any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319). The victim testified that she was robbed by the defendant and his cohort in a brightly lit parking lot where she was able to see them clearly, and she was then brought to the rear of the parking lot where she was raped and sodomized. Although the victim stated that it was "pretty well dark" in the rear of the parking lot, she nonetheless said that she was still able to see the defendant's face "pretty good" for about 10 minutes. Under these circumstances, the victim's identification of the defendant was clearly sufficiently reliable to support the verdict.

We note that the Trial Judge did not abuse his discretion in refusing to allow proof of the victim's past sexual conduct into evidence. Although the defendant argues that this evidence bore directly on the victim's credibility, we note that there was ample evidence introduced in an attempt to demonstrate that the victim was not worthy of belief. Thus, evidence of the victim's prior sexual conduct would not only have been highly prejudicial and largely irrelevant, it would have been cumulative as well *(see, People v Conyers,* 86 Misc 2d 754, *affd* 63 AD2d 634).

We find no reason warranting a modification of the defendant's sentence. The defendant's remaining contentions are unpreserved, and we decline to reach them in the interest of justice. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.