■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERVIN OTERO, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Uviller, J.), rendered November 5, 1984, convicting him of murder in the second degree under indictment No. 2867/82, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Corriero, J.), rendered January 9, 1985, convicting him of bribing a witness, under indictment No. 3400/83, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the People, we find that it is sufficient to support the verdict as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Contes, 60 NY2d 620, 621, quoting from Jackson v Virginia, 443 US 307, 319). At the trial, three witnesses, all of whom knew the defendant, testified that on the night and time in question, they saw him assume a crouching position and then

fire several shots in the direction of Luther Gordon and the deceased, Robbin Machado. Machado then fell to the ground and the defendant continued to pursue Gordon, who managed to escape unharmed. Machado subsequently died as a result of the gunshot wounds. While two of the three chief prosecution witnesses' credibility was heavily attacked, this court is ever mindful of the fact that matters of credibility are reserved for the jury, and this court generally should not substitute its judgment for that of the jurors in matters of this nature *(People v Bauer,* 113 AD2d 543, 549). Additionally, we note that contrary to the defendant's assertions, the trial court did not improperly restrict the defense counsel's cross-examinations of the People's witnesses. Rather, extensive cross-examination was permitted and the jury had an ample basis on which to evaluate these witnesses' credibility.

The defendant's claim that his sentence for murder in the second degree is excessive is patently without merit; he received the minimum sentence permissible by law for murder in the second degree. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur. *[See,* 127 Misc 2d 628.]