■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME JACOBS, Also Known as JEROME JENKINS, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 16, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the People failed to prove that he possessed a dangerous instrument at the time of the robbery (see, Penal Law § 160.15 [3]). We disagree. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620) we find that this element of the crime was established by legally sufficient evidence. The complainant testified that the defendant placed a razor to his throat during the course of the robbery. While the complain-

ant did not describe the razor in detail, he was able to estimate the length of the blade.

The defendant also contends that the complainant's testimony was not credible. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also note that the prosecutor's comment on summation regarding the defendant's prior felony conviction was improper in light of the court's *Sandoval* ruling *(see, People v Cavallerio,* 71 AD2d 338). However, in view of the strong evidence of the defendant's guilt, it did not deprive him of a fair trial *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.