■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LEITZEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered May 16, 1986, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference to be drawn therefrom, as we must *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant argues that the court's verdict finding him guilty of assault in the second degree and criminal possession of a weapon in the second degree was against the weight of the evidence. Upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's claim, the evidence and testimony presented at trial established more than his presence at

the scene of the crime *(cf., People v Way,* 59 NY2d 361). The record establishes that the victim, Pluquez, and the defendant were the only people in Pluquez's locked apartment at least five minutes before the incident. Pluquez testified that his last recollection, prior to losing consciousness, was going from the couch in his living room to the kitchen to get a cup of coffee, passing in front of the defendant, who was pacing back and forth to his right. When he regained consciousness, approximately one hour later, he was lying in front of the couch, a coffee cup near his head, he had been shot below the left ear, and the inside dead bolt lock had been disengaged, but the snap lock, which locks when the door is closed, was engaged. These facts established more than defendant's presence at the scene *(see, People v Way, supra),* and provided a sufficient basis for the trial court's decision, as the evidence excludes every reasonable hypothesis of innocence. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.