THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOORE, Appellant.

Within a month after the murder of Louis Cannady in the

driveway of his house in Brentwood in Suffolk County on April 27, 1983, the police investigation focused on the defendant, who was known by the nickname "Cocomo". Efforts to locate the defendant were unsuccessful until an informant told the Suffolk County Police that he could be found in the Nassau County Jail under the name "Daniel Foster". The authorities in Nassau County confirmed that the defendant was being held in their facility as a sentenced prisoner and that he would be released on a future date since there were no outstanding warrants or holds. On the date of his release, the defendant was arrested by Suffolk County detectives for the murder of Mr. Cannady. After being advised of his *Miranda* rights, the defendant was questioned and made admissions.

Before trial, the defendant sought to preclude the use of those admissions as evidence against him on the ground that they were obtained in violation of his right to counsel. The evidence he presented at the hearing showed that he had been assigned Legal Aid counsel on a pending misdemeanor charge in Queens County, although he had also been ordered to hire his own attorney because his income exceeded Legal Aid guidelines. Arrested in Queens in 1982 under the name "James Ballard", the defendant failed to appear on the last adjourned date and a bench warrant was outstanding.

The Suffolk County detectives who arrested and questioned the defendant, however, testified that they were not aware of the pending charge nor of the assignment of counsel. The hearing court credited their testimony and we see no reason to disturb that finding *(see, People v Prochilo,* 41 NY2d 759). We reject as pure speculation the defendant's contention that the detectives must have made inquiries of other jurisdictions since they searched for him for over two months. In the absence of any reason to believe the defendant had other pending matters, the detectives had no duty to inquire *(see, People v Bertolo,* 65 NY2d 111).

Viewing the evidence that the defendant murdered Louis Cannady in the course of an unsuccessful robbery in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Although we agree with the defendant that the court should have permitted one of his witnesses to state whether she thought the composite sketch of the murderer prepared by an

eyewitness looked like someone other than the defendant *(see,* Richardson, Evidence § 364 [e] [Prince 10th ed]), in view of the overwhelming evidence of the defendant's guilt, the error was harmless.

We have examined the defendant's remaining contentions, including his claim that his sentence was excessive, and find them to be without merit. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.