Bellacosa, J.
(concurring in part and dissenting in part). I concur in so much of Judge Simons’ opinion as relates to the affirmance of the conviction for criminal possession of a weapon in the second degree; I dissent, however, from the portion affirming the Appellate Division’s vacatur of the conviction for reckless endangerment in the first degree. I would reverse and reinstate that count of the conviction and remit to the Appellate Division as we are required to do (CPL 470.40 [2] [b]). I reach this result essentially for the reasons stated in the dissenting in part opinion by Justice Moses Weinstein at the Appellate Division, noting additionally that this case, in my view, is governed by the principle that the People are entitled to have the conviction sustained if " ’any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt’ ”, based on a view of the evidence most favorable to the People (People v Contes, 60 NY2d 620, 621; Jackson v Virginia, 443 US 307, 319). Thus, the majority at the intermediate appellate court applied an erroneous rule of law and standard of review in deciding this case. Respectfully, I conclude that the majority in this court likewise mistakenly analyzes the reckless endangerment aspect of this case.
The People had to prove beyond a reasonable doubt that the defendant’s conduct created a grave risk of death for the court in this bench trial to have rationally reached its verdict of guilt as to the reckless endangerment count. Under People v Contes (supra), the Appellate Division analysis and ours need go no further than to note that there was sufficient evidence as a matter of law, however conflicting it might be in some respects, to support that facet of the charge.
*40 It is indisputable that the gun had just discharged in a struggle during a failed robbery attempt and that a few minutes later, and with no break in the action, defendant assumed a crouched combat stance, pointed the loaded weapon (a 9 millimeter semiautomatic with high velocity bullets) at the windshield of the pursuing police car 20 feet away and pulled the trigger. Fortuitously, at that particular instant of the confrontation, the just previously spent shell casing had lodged in the chamber and no bullet emerged. The unrebutted testimony of a police ballistics expert was that the gun showed evidence of recent discharge, that a spent round had been recovered, and that upon test-firing the weapon both the gun and the ammunition were found to be operable. Indeed, one of the responding policemen, Officer Farley, indicated in his testimony that he perceived the risk of death to be grave throughout the incident, including after defendant pulled the trigger of his gun the first time; thus, when defendant assumed the combat stance and prepared to fire a second time at Farley’s fellow officer as the two officers were chasing defendant all on foot, Farley shot defendant before he could repeat his act.
The majority’s interpretation of the statute and its application in this instance are thus flawed. Even if "operability” and "grave risk of death” were synonymous, and even if they are to be gauged by a flash-frozen moment in eternity, which is probably too inflexible an approach, still in this case the People’s direct and circumstantial evidence on grave risk of death is enough beyond a reasonable doubt. Surely, the test of reckless endangerment in the first degree cannot be that the perpetrator must succeed and that failure in accomplishing the intended act under the grave risk created by the perpetrator somehow nullifies the crime in these circumstances. The grave risk of death was unquestionably present and proven because another squeeze of the trigger, another jarring of the gun by the mere palm of a hand to dislodge the just spent shell, or any among many other intended or fortuitous instantaneous actions, could have brought death to the pursuing officers. The grave risk of death was present throughout, and the mere fact that one firing failed does not evaporate the risk intended to be punished by the statute.
There was enough evidence in this case to support every essential element of reckless endangerment in the first degree (Penal Law § 120.25), including the aggravating operability grave risk of death component, beyond a reasonable doubt *41 under the governing evidentiary review test (People v Contes, 60 NY2d 620, 621, supra; People v Foster, 64 NY2d 1144, 1146). Under these ordinary appellate rules concerning evidentiary review, neither the Appellate Division nor this court should go any further into an interpretative analysis of Penal Law § 120.25. The verdict on the reckless endangerment count should simply be upheld.
Judges Kaye, Titone and Hancock, Jr., concur with Judge Simons; Judge Bellacosa concurs in part and dissents in part and votes to modify in a separate opinion in which Chief Judge Wachtler and Judge Alexander concur.
Order affirmed.