■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY PRINGLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered July 9, 1987, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was legally insufficient to support his conviction of criminal possession of a weapon in the second degree because the People failed to establish that he solicited, requested, commanded, importuned or intentionally aided his companion in his possession of the weapon in question (see, Penal Law § 20.00). We disagree. The evidence adduced at trial, when viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), established that the defendant and his companion, Brian Davis, approached the victims of the aborted robbery on the street, and asked where they could obtain some cocaine. The defendant and Davis followed the victims to a basement apartment where they were met by a third victim who arrived with a package purportedly containing cocaine. At this point, Davis pulled a gun and both he and the defendant indicated that "a stickup" was in progress. The defendant verbally and physically restrained the victims and fled the scene with Davis when the attempted robbery went sour and a shoot-out ensued. There was also testimony that the defendant made certain gestures toward his waistband indicating that he, too, might be armed. Based upon the foregoing, it cannot be said that no rational trier of fact could have found beyond a reasonable doubt that the defendant intentionally aided his companion in possessing the gun.

The defendant's remaining contention is unpreserved for appellate review (see, CPL 470.05 [2]), and does not warrant reversal in the interest of justice. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.