■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIE MUNK, Appellant.—Casey, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered June 28, 1990 in Broome County, convicting defendant following a nonjury trial of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted for criminal possession of a controlled substance in the third degree. Following the waiver of her right to a jury trial, defendant was found guilty as charged and sentenced to an indeterminate prison term of 1 to 3 years.

The indictment arose out of the search of defendant's apartment pursuant to a search warrant. The search revealed 50 quarter-gram packets of cocaine hidden in a living room coat closet. The packets were banded together with multicolor rubber bands in bundles of 10. The bundles were then wrapped in a bag, which was also secured by rubber bands. A quantity of multicolor rubber bands was found loose inside defendant's purse. At her trial, the kind and quantity of the cocaine found and the manner in which it was packaged was not seriously disputed. The critical question was whether defendant knowingly possessed the substance, which she denied, claiming that she did not know the drugs existed until the police found them. Defendant also testified that when she was shown the search warrant she believed that the police had reason to believe that her boyfriend had stored drugs there. Defendant's apartment was occupied only by defendant and her 2½-year-old daughter. The boyfriend did not live there, although he was a regular visitor and had on occasions stayed overnight. During the search, defendant received a telephone call from a woman who also had a relationship with defendant's boyfriend. The conversation between the two women became heated and defendant was heard to say, "Tell him that if I'm fucked he's fucked." This statement was allowed in evidence as an indication of defendant's guilty knowledge of the drugs. At the conclusion of the evidence, defendant moved for dismissal due to the failure of the prosecution to sustain a prima facie case. The motion was denied.

On her appeal defendant's main contention is the insufficiency of the evidence against her. Citing *People v Contes* (60 NY2d 620, 621), defendant claims that, even when viewing the trial evidence in a light most favorable to the prosecution, no rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. This claim is based on defendant's conclusion that since the evidence against her is

circumstantial and equivocal at best, it is legally insufficient to support her conviction. We disagree with defendant's analysis.

There is no doubt that the drugs were found in defendant's apartment and that she and her 2½-year-old daughter were the only ones who lived there. Defendant had the only key to that apartment. Supreme Court found that it was logical to conclude that the drugs could not have been placed there by defendant's boyfriend without her knowledge and that this conclusion was supported by the incriminating statement she made while on the telephone. The inferences drawn by the court from the undisputed facts are sustainable *(see, People v Marin,* 65 NY2d 741, 742). Defendant misperceives the rule relating to circumstantial evidence. As this court stated in *People v Murphy* (128 AD2d 177, *affd* 70 NY2d 969): "[I]n a case based on circumstantial evidence * * * the burden is on the prosecution to prove beyond a reasonable doubt the commission of the crime by facts and circumstances which are all consistent with guilt. The inference which may be drawn from the proven facts must exclude to a moral certainty every reasonable hypothesis except guilt * * *. If this burden is met, however, a verdict is supportable even though the defense posits a version of the facts consistent with defendant's innocence. The guilty verdict thus rendered indicates that the jury accepted the prosecution's competing version of the facts * * *. When so obtained, a guilty verdict requires the trial evidence to be viewed, on appeal, in a light most favorable to the prosecution" *(supra,* at 181-182). Viewed in this light, the finding of defendant's guilt is sustainable, both on the weight and sufficiency of the evidence.

As to defendant's other arguments, they have been examined and found lacking in merit. The judgment of conviction should therefore be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.