■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN REMOUNS, Also Known as DARREN REMOUNS, Appellant.—Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered March 16, 1989, convicting defendant, after jury trial, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to three to six years imprisonment, unanimously affirmed.

Defendant's conviction arises out of an attempted robbery on a Bronx street during the early morning hours of December 10, 1987.

We reject defendant's argument that the People failed to

prove his guilt beyond a reasonable doubt. Evidence adduced at trial was that the complainant was approached from behind by defendant and another man, each of whom held a knife to the complainant's stomach and demanded that he give up everything he had. Fortuitously for the complainant, a police car containing two officers happened to be cruising in the immediate area. The complainant beckoned to the officers and the would-be robbers pocketed their knives as the officers approached. While defendant attempted to convince the officers that they were "just joking", the complainant told the officers that the two men were trying to rob him.

Although the complainant admitted in court that he could not positively identify defendant as one of the would-be robbers, both officers testified that defendant was one of the two men they observed flanking the complainant; that the complainant beckoned to the officers and told them that the two men were trying to rob him; that a knife was recovered from each of the two men; and that defendant was one of the two men arrested.

Viewing the evidence in the light most favorable to the People, and drawing permissible inferences, it is clear that a rational trier of fact could find that defendant's guilt of attempted robbery in the second degree was proven beyond a reasonable doubt (see, e.g., People v Contes, 60 NY2d 620).

Issues of credibility are primarily for the jury to decide. There is no basis here for this Court to disturb the jury's finding, where the People's witnesses, including the complainant (an admitted drug user) testified in detail regarding the incident, and were subject to extensive cross-examination which revealed no significant inconsistencies in their testimony (see, e.g., People v Gruttola, 43 NY2d 116). Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Smith, JJ.