■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHRISNA GAYLE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 30, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 24, 1989, two undercover police officers, as part of a so-called "spot and bust" operation, secreted themselves inside an abandoned building to watch for illegal drug activities outside on the street. At approximately 8:35 P.M., these two officers observed the defendant make two sales of crack cocaine to two individuals. The undercover officers radioed a description of the defendant to the back-up team which responded to the location and arrested him.

On appeal, the defendant contends that the People failed to prove his identity as the drug seller, or, in other words, that the back-up team arrested the wrong person. Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the undercover officers radioed a detailed description of the defendant to the back-up team and that the back-up team arrested the defendant who matched the description. Further, the undercover officers later saw the defendant at the police precinct and confirmed that the back-up team had arrested the right person.

The defendant also contends that the jury's verdict was against the weight of the evidence adduced at trial because the defendant's trial testimony contradicted the testimony of the prosecution's witnesses. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the

evidence *(see,* CPL 470.15 [5]). Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.