■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LIPSCOMB, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered June 11, 1991, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and possession of burglars' tools, after a nonjury trial, and imposing sentence.

Ordered the judgment is affirmed.

The defendant was arrested after he was found in the closet of a home where the police had been called to investigate a possible burglary. Upon his arrest, the police searched him, finding car keys, a yellow screwdriver, and jewelry. It was later determined that the jewelry belonged to the owner of the home in which the defendant was found.

On appeal, the defendant argues that his conviction is based on legally insufficient evidence. However, the defendant failed

to preserve this claim for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant contends that he did not commit the crimes charged. He contends that he was framed by the police, although he had no explanation as to why the police would do so. However, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the fact finder, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The fact finder's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.