■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKEL ZEKAJ, Appellant. [595 NYS2d 110] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J., at trial; Mallon, J., at sentencing), rendered April 13, 1992, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

On the morning of December 12, 1990, the defendant and two codefendants were observed sitting in a car in the parking lot of an apartment complex for an extended period of time. A resident of the apartment complex called the police and two police cars responded to the scene. One of the officers observed a billy club on the floor between the legs of the front-seat passenger. On further observation, the officer saw a pistol on the floor. Once the three occupants were removed from the car, the car was searched and a .45 caliber handgun was discovered under the driver's seat. At the defendant's trial, the front-seat passenger testified that he was the sole possessor of the pistol found on the floor of the car. An officer testified that the same codefendant admitted, at the time of the arrest, that the billy club belonged to him. This evidence was sufficient to rebut the permissive presumption that all occupants of the automobile were in illegal possession of those two items *(see,* Penal Law § 265.15 [3]; *People v Lemmons,* 40 NY2d 505). However, the evidence did not rebut the statutory presumption regarding the .45 caliber pistol, and therefore the trier of fact had the right to rely on the presumption. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GREGORY