■ The People of the State of New York, Respondent, v Ralph Bartee, Appellant. [611 NYS2d 607] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered December 17, 1991, convicting him of criminal sale of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fourth degree (2 counts), and criminal possession of a controlled substance in the fifth degree (3 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his contention that the People failed to prove one of the material elements of criminal possession of a controlled substance in the fourth degree (see, Penal Law § 220.09 [13]), and criminal sale of a controlled substance in the fourth degree (see, Penal Law § 220.34 [6]), as charged in this case, i.e., that he had been previously convicted of an offense defined in Penal Law article 220, or the attempt or conspiracy to commit any such offense (CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858).

In any event, viewing the evidence adduced at trial in a light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the required prior conviction. During the trial, the prosecutor offered into evidence a certified copy of the defendant's 1987 conviction of attempted criminal possession of a controlled substance in the fifth degree. The record indicates that the court directed that the certified copy of the conviction be marked as People's exhibit 22 and received it into evidence. Although the court reporter apparently did not record, with a proper notation in the trial transcript, the fact that the exhibit had been received into evidence, the exhibit, which is in the record, was marked in evidence. We find that exhibit 22 was properly admitted into evidence and that it establishes the defendant's prior conviction beyond a reasonable doubt. Additionally, when the defendant was cross-examined during his testimony at trial, he admitted that the certificate of conviction was truthful and correct.

The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the interest of justice. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.