■ In the Matter of LEARNEL W., a Person Alleged to be a Juvenile Delinquent, Appellant. [622 NYS2d 81] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family. Court, Kings County (Cordova, J.), dated March 4, 1994, which, upon a fact-finding order of the same court, dated December 3, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of aggravated sexual abuse in the second degree, sexual abuse in the first degree, sexual abuse in the third degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated December 3, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of aggravated sexual abuse in the second degree, sexual abuse in the first degree, sexual abuse in the third degree, and menacing in the third degree. There is no merit to the appellant's contention that the complainant's testimony was unworthy of belief but that his own testimony was credible. It is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *see also, Matter of Michael D.,* 109 AD2d 633, 634, *affd* 66 NY2d 843). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence *(cf.,* CPL 470.15 [5]). Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.