■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIGOBERTO SIRI-FERNANDEZ, Appellant. [624 NYS2d 444] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered April 19, 1992, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (three counts), and resisting arrest (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by providing that the sentence imposed upon the conviction of criminal possession of a weapon in the second degree under the ninth count of the indictment shall run concurrently with

the sentences imposed on the convictions of robbery in the first degree; as so modified, the judgment is affirmed.

The defendant, along with two accomplices, robbed a grocery store in Queens County. While leaving the store, the defendant and one of the accomplices initiated a gun battle with the police, wounding an officer.

The defendant's contention that there is legally insufficient evidence of his guilt is unpreserved for appellate review because the contentions that he now raises regarding the sufficiency of the evidence were not made at trial (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Because one of the accomplices did not engage in the gun battle with the police and did not resist arrest, with respect to that accomplice, his commission of the crime of criminal possession of a weapon in the second degree was completed when his intent abated after the robbery (see, *People v Okafore,* 72 NY2d 81, 83). The defendant's term of imprisonment based upon his accomplice's criminal possession of a weapon in the second degree must run concurrently with the terms of imprisonment for robbery in the first degree (see, Penal Law § 70.25 [2]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.