■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellant. [634 NYS2d 548] —Appeal by the defendant from two judgments of the County Court, Suffolk County (Weissman, J.), both rendered December 3, 1993, convicting him of robbery in the first degree and robbery in the second degree under Indictment No. 591/92, upon a jury verdict, and criminal possession of stolen property in the third degree under Indictment No. 685/92, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 591/92 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgments are affirmed.

The issue of the legal sufficiency of the evidence under Indictment No. 591/92 was not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its deter-

mination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, an examination of the totality of the circumstances surrounding his inculpatory statement *(see, People v Anderson,* 42 NY2d 35) indicates that he was advised of, and waived, his *Miranda* rights on more than one occasion. There was no evidence that the police officers threatened or pressured him. Rather, the defendant was advised of his rights and placed his initials next to each paragraph as an indication that he understood those rights. He signed and swore to the written statement that detailed his confession and subsequently he told the desk sergeant that the contents of the written statement were true. There is no evidence that during this period the defendant was denied food, use of the facilities, or access to a telephone. The fact that the defendant was arrested on Friday and the interrogation did not occur until Sunday afternoon does not render the confession inadmissible *(see, People v Tarsia,* 50 NY2d 1). Accordingly, his statement was properly admitted into evidence.

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or relate to harmless error. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.