■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE McDOWELL, Appellant. [668 NYS2d 921] —Appeals by the defendant from three judgments of the Supreme Court, Westchester County (Colabella, J.), all rendered January 19, 1996, convicting him of (1) criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree under Indictment No. 94-01184, after a nonjury trial, (2) attempted criminal possession of a controlled substance in the third degree (two counts), crim-

inal possession of a controlled substance in the fifth degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts) under Indictment No. 94-01340, after a nonjury trial, and (3) reckless endangerment in the first degree, reckless endangerment in the second degree, criminal possession of a weapon in the third degree, reckless driving, violation of Vehicle and Traffic Law § 1111 (two counts), and violation of Vehicle and Traffic Law § 1212 under Indictment No. 95-00899, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that his guilt under Indictment Nos. 94-01184 and 95-00899 was not proven by legally sufficient evidence is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.