■ The People of the State of New York, Respondent, v Ralph M. Clark, Appellant. [812 NYS2d 364]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered October 21, 2003, convicting him of felony operation of a motor vehicle while under the influence of alcohol and failing to stay in a designated lane, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88

[1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention concerning the prosecutor's allegedly improper summation comments is unpreserved for appellate review, since the defendant either did not object or made only a general objection at trial (*see People v Tevaha,* 84 NY2d 879, 881 [1994]). In any event, the challenged remarks either were fair comment on the evidence or were made in response to the defense counsel's arguments on summation (*see People v Thomas,* 8 AD3d 506 [2004]; *People v Hilliard,* 279 AD2d 590 [2001]).

Contrary to the defendant's contention, the trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) was proper.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.