*59 OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed upon the law and information, insofar as it charged defendant with assault in the third degree, dismissed.
Defendant was convicted of assault in the third degree (Penal Law § 120.00 [1]) following an incident in which complainant was sprayed with a fire extinguisher held by defendant. Upon review of the evidence submitted, we find that it was insufficient, as a matter of law, to support defendant’s conviction.
To sustain a conviction for assault in the third degree, the People bear the burden of proving, beyond a reasonable doubt, that defendant, “[w]ith intent to cause physical injury to another person, causes such injury to such person or to a third person” (Penal Law § 120.00 [1]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the People failed to sustain this burden.
Nothing in the record supports a finding of intent to inflict physical injury. To the contrary, the evidence supports defendant’s testimony that he had intended to test-fire the extinguisher at a distance away from complainant. Complainant, a coworker, was sitting five feet away on the opposite side of a high chain link fence at the time he was sprayed with the fire extinguisher. None of the People’s witnesses observed defendant point the fire extinguisher at complainant and all agreed that complainant was not facing defendant at the time of the discharge. Complainant admitted that after the incident, defendant stated that he did not think anything was in the fire extinguisher. Moreover, a witness who had been standing nearby confirmed that complainant and defendant were friendly, that they shared lunch the day of the incident, and that defendant helped clean the spray from the fire extinguisher off of complainant immediately following the incident. On this record, it cannot be said that defendant acted intentionally to cause complainant physical injury.
Weston Patterson, J.E, Rios and Belen, JJ., concur.