*38 OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed upon the law, fine remitted and simplified traffic information dismissed.
Defendant appeals from a judgment, after a nonjury trial, convicting him of speeding (Vehicle and Traffic Law § 1180 [d]) and contends that the trial court erred in considering testimony from a police officer that moving radar disclosed defendant’s speed as 51 miles per hour in a 30 mile per hour zone.
In the case of People v Knight (72 NY2d 481 [1988]), the Court of Appeals held that “evidence of speeding obtained by means of moving radar generally will be admissible” (id. at 486) without the need for expert testimony explaining its scientific reliability. The Court, however, went on to caution:
“It is generally recognized, however, that because moving radar must measure the speed of the patrol vehicle in addition to that of the target vehicle, there is greater opportunity for error when it is used. Such error may result from distortion of the radar signal resulting in an artificially low speed reading for the patrol vehicle which, in turn, may cause an artificially high speed reading for the target vehicle (see, NHTSA Manual, at 3-11, 3-12; Note, Radar Speed Detection, op. cit., 48 Fordham L Rev, at 1142-1143; Goodson, Technical Shortcomings of Doppler Traffic Radar, 30 J Forensic Sciences 1186 [1985]).[*] Moreover, in heavy traffic, moving radar may make it more difficult to correctly identify the target vehicle (see, Radar Speed Detection, op. cit., 48 Fordham L Rev, at 1146). Since the potential for error is greater, the prosecution will bear a greater burden of proof in demonstrating the accuracy of the particular radar unit involved. Thus, in addition to establishing that the moving radar was in proper working condition and that it was operated correctly by one who was qualified and experienced in the operation of traffic radar, the evidence should show that the police officer independently verified the speed of the patrol vehicle (e.g., by comparing the *39 speed registered by the radar unit with the speed indicated by the patrol vehicle speedometer), and that the radar was used in an area posing a minimal risk of misidentification or distortion (i.e., from heavy traffic, large trucks or large roadside objects such as billboards).” (Id. at 487.)
From the foregoing, it appears that the trial court in the instant case improperly shifted the burden of proof from the prosecution to defendant in regard to “demonstrating the accuracy of the particular radar unit involved” (id.), as its return states, “[defendant] has no proof now or during trial in regards to his claim that radar is inaccurate if patrol vehicle is in motion.” Furthermore, the return does not show the existence of any testimony from the officer or other proof that
“the police officer independently verified the speed of the patrol vehicle (e.g., by comparing the speed registered by the radar unit with the speed indicated by the patrol vehicle speedometer), and that the radar was used in an area posing a minimal risk of misidentification or distortion (i.e., from heavy traffic, large trucks or large roadside objects such as billboards).” (Id.)
Under the circumstances, therefore, when we consider the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we determine that it was legally insufficient to establish defendant’s guilt beyond a reasonable doubt.
In light of the foregoing, the other issues raised herein are rendered academic.
Rudolph, EJ., Lippman and Owen, JJ., concur.

 This type of error can sometimes occur if a large stationary roadside object, such as a billboard or building, distorts the signal received by the radar unit. Similar errors can result if the patrol vehicle passes, or is passed, on the road by other vehicles, or if the patrol vehicle does not maintain a constant velocity.