[894 NYS2d 325]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATH-RYN D. HUDACEK, Appellant.

Supreme Court, Appellate Term, Second Department, December 2, 2009

**APPEARANCES OF COUNSEL**

*Kathryn D. Hudacek*, appellant pro se. *John D. Cavallaro, Village Attorney*, Tuckahoe (*Gary R. Gjertsen* of counsel), for respondent.

MEMORANDUM.

Ordered that the judgment of conviction is reversed, upon the law, the simplified traffic information is dismissed, and the fine, if paid, is remitted.

Defendant was convicted after a nonjury trial of driving her vehicle while using a mobile telephone (Vehicle and Traffic Law § 1225-c).

Vehicle and Traffic Law § 1225-c (2) (a) makes it unlawful for a person to operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion. The statute, however, expressly excepts the use of a "hands-free mobile telephone" from this prohibition (Vehicle and Traffic Law § 1225-c [3] [c]).

Viewing the evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we deem it legally insufficient to establish all of the elements of the offense beyond a reasonable doubt (Vehicle and Traffic Law § 1225-c). Although the officer initially testified to having observed defendant with a cell phone in her left hand and up to her left ear, he subsequently stated that he could not recall noticing a cell phone in the vehicle. During the officer's cross-examination, the pro se defendant showed him a Bluetooth ear piece, and he responded that he did not recall seeing the cell phone at the stop and that he saw "her hand up to the ear like that, so that is why I wrote her the cell phone ticket." The officer further stated, "[i]t is a hands free device when there are no hands on it." Defendant argued that it takes two or three seconds to rest the ear piece on her ear and that, with long hair, she had to adjust it. The officer's own testimony, when considered as a whole and in the light most favorable to the People, creates a reasonable doubt with respect to whether defendant was holding a cell phone, rather than attaching a Bluetooth device, to her ear.

We note that the Vehicle and Traffic Law defines a "hands-free mobile telephone" as

> "a mobile telephone that has an internal feature or function, or that is equipped with an attachment or addition, whether or not permanently part of such mobile telephone, by which a user engages in a call *without the use of either hand, whether or not the use of either hand is necessary to activate, deactivate*

*or initiate a function of such telephone"* (Vehicle and Traffic Law § 1225-c [1] [e] [emphasis added]).

Defendant's statement to the effect that she was activating the telephone in her pocketbook by attaching the ear piece to her ear reflects conduct which the Legislature chose not to proscribe. Furthermore, the statute specifically provides that " '[e]ngage in a call' shall mean talking into or listening on a hand-held mobile telephone, *but shall not include holding a mobile telephone to activate, deactivate or initiate a function of such telephone"* (Vehicle and Traffic Law § 1225-c [1] [f] [emphasis added]).

Accordingly, the judgment of conviction is reversed and the simplified traffic information dismissed.

NICOLAI, P.J., MOLIA and LACAVA, JJ., concur.