People v Lucas (2018 NY Slip Op 07755)





People v Lucas


2018 NY Slip Op 07755


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-01753
 (Ind. No. 1659/14)

[*1]The People of the State of New York, respondent,
v
Trevor Lucas, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert C. Kohm, J.), rendered February 9, 2016, convicting him of conspiracy in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the indictment is dismissed insofar as asserted against the defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant and four others, all alleged members of the S.N.O.W. Gang, were tried together in connection with an indictment charging them, inter alia, with conspiracy to murder Leighton Friday and Nicholas Morris, two members of a rival gang. At the joint trial, no alleged coconspirators testified for the prosecution. Instead, the People, among other things, presented testimony from police officers involved in the investigation and introduced into evidence thousands of social media posts of the defendants and numerous charged and uncharged coconspirators. The jury acquitted the defendant of the top two counts of conspiracy in the first degree, but found him guilty of two counts of conspiracy in the second degree as lesser included offenses.
Contrary to the People's contention, the defendant preserved for appellate review his challenge to the legal sufficiency of the evidence (see People v Hawkins, 11 NY3d 484, 492). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally insufficient to establish beyond a reasonable doubt the defendant's guilt of conspiracy in the second degree (Penal Law § 105.15) as charged in the indictment.
Specifically, the People in this case were required, inter alia, to establish that the defendant entered into an agreement that was specifically intended to result in the death of Friday (count one) and Morris (count two) (see People v Weiss, 290 NY 160, 171; see also People v Ozarowski, 38 NY2d 481, 491; People v Agron, 10 NY2d 130, 135). While the record evidence, viewed in the light most favorable to the People, showed that the defendant conspired with others to retaliate against rival gang members for the recent shooting death of a member of the S.N.O.W. Gang, there was no direct or circumstantial evidence tying this defendant to any plan specifically [*2]intended to kill either Friday or Morris. Among other things, the defendant was not present at an alleged planning meeting in a park, at which many of the coconspirators were arrested. Moreover, the defendant is not listed as a participant in any social media discussions in which other S.N.O.W. Gang members named Friday and Morris as possible targets for retaliatory action. For this reason, the defendant's timely motion for a trial order of dismissal should have been granted, and the indictment dismissed insofar as asserted against him (see People v Reyes, 31 NY3d 930).
In light of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court