People v Lashawn Davis (2019 NY Slip Op 03071)





People v Lashawn Davis


2019 NY Slip Op 03071


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2014-06004
 (Ind. No. 1416/12)

[*1]The People of the State of New York, respondent,
v
Lashawn Davis, appellant.


Paul Skip Laisure, New York, NY (Bryan D. Kreykes and Alex Donn of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered June 6, 2014, convicting him of burglary in the first degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the DNA evidence presented at trial violated his rights under the Sixth Amendment's Confrontation Clause because the testifying analyst merely "function[ed] as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see People v Austin, 30 NY3d 98) is unpreserved for appellate review (see CPL 470.05[2]), and we decline to review it in the exercise of our interest of justice jurisdiction (see People v Mancha, 162 AD3d 903).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of the crimes of which he was convicted. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court