People v Whitney (2020 NY Slip Op 50938(U))

[*1]

People v Whitney (Michael)

2020 NY Slip Op 50938(U) [68 Misc 3d 128(A)]

Decided on August 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-510 N CR

The People of the State of New York,
Respondent,
against
Michael R. Whitney, Appellant. 

Michael R. Whitney, appellant pro se.
Nassau County Attorney's Office (Robert F. Van Der Waag Amd Jackie L. Gross of counsel), for
respondent.

Appeal from a judgment of conviction of the District Court of Nassau County, Traffic and
Parking Violations Agency (Edward A. Maron, J.), rendered January 3, 2019. The judgment
convicted defendant, after a nonjury trial, of driving across hazardous roadway markings, and
imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the accusatory
instrument is dismissed, and the fine, if paid, is remitted.
Following a nonjury trial, defendant was convicted of driving across hazardous roadway
markings (Vehicle and Traffic Law § 1128 [d]). Defendant appeals, contending, among
other things, that the conviction was not supported by legally sufficient evidence.
Vehicle and Traffic Law § 1128 (d) provides, "When official markings are in place
indicating those portions of any roadway where crossing such markings would be especially
hazardous, no driver of a vehicle proceeding along such highway shall at any time drive across
such markings." Here, while the People proffered testimony that defendant, while operating his
motor vehicle on a highway, crossed over solid white pavement markings that separated his lane
of traffic from an exit ramp of the highway, the People failed to establish that the crossing of the
pavement markings at issue were inherently unlawful and, thus, that those lines represent [*2]markings which indicate portions of a roadway where crossing
them would be especially hazardous in violation of Vehicle and Traffic Law § 1128 (d) (see People v Hylton, 48 Misc 3d
130[A], 2015 NY Slip Op 51028[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]; People v Hirsch, 29 Misc 3d
144[A], 2010 NY Slip Op 52215[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010];
People v Sykes, 27 Misc 3d
133[A], 2010 NY Slip Op 50703[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010];
People v Shulman, 14 Misc 3d
129[A], 2006 NY Slip Op 52508[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
Consequently, viewing the evidence in the light most favorable to the People (see People v
Contes, 60 NY2d 620, 621 [1983]), we find that the evidence adduced at trial was legally
insufficient to establish defendant's guilt, beyond a reasonable doubt, of violating Vehicle and
Traffic Law § 1128 (d). 
In view of the foregoing, we need not pass upon the remaining issues raised in defendant's
brief on appeal.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed. 
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2020