People v Epakchi (2022 NY Slip Op 50454(U))

[*1]

People v Epakchi (Daria)

2022 NY Slip Op 50454(U) [75 Misc 3d 133(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2014-1047 S CR

The People of the State of New York,
Respondent,
against
Daria N. Epakchi, Appellant. 

David A. Day, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Paul Senzer, J.H.O.), rendered April 17, 2014. The judgment, after a
nonjury trial, convicted defendant of failing to stop at a stop sign, and imposed sentence. The
appeal from the judgment of conviction brings up for review an order of that court (Allen S.
Mathers, J.H.O.) dated March 27, 2014 denying defendant's motion to dismiss the simplified
traffic information. By decision and order dated June 6, 2019, this court reversed the judgment of
conviction, vacated the order dated March 27, 2014 denying defendant's motion to dismiss the
simplified traffic information, and granted defendant's motion (People v Epakchi, 63 Misc 3d
161[A], 2019 NY Slip Op 50913[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). On
April 1, 2021, the Court of Appeals reversed the decision and order of this court and remitted the
matter to this court for further proceedings (People v Epakchi, 37 NY3d 39 [2021]).

ORDERED that, upon remittitur from the Court of Appeals, the judgment of conviction is
affirmed.
Defendant was charged in a simplified traffic information with failing to stop at a stop sign
(Vehicle and Traffic Law § 1172 [a]), and the District Court later granted defendant's
pretrial motion to dismiss the simplified traffic information on the ground that the People had
failed to respond to defendant's request for the complaining officer's supporting deposition
(see CPL 100.25, 100.40 [2]). Thereafter, the prosecution filed a new simplified traffic
information charging defendant with the same traffic violation based upon the same incident and
factual allegations. By written motion, defendant again moved to dismiss the simplified traffic
information, which the District Court (Allen S. Mathers, J.H.O.) denied in an order dated March
27, 2014.
A nonjury trial was held, in which the ticketing police officer testified that he observed
defendant's vehicle drive through an intersection at a speed of 35-40 miles per hour after failing
[*2]to stop at a stop sign. Defendant testified that she brought her
vehicle to a full stop for two seconds before continuing straight across the intersection. The
District Court (Paul Senzer, J.H.O.) convicted defendant of the charged offense and sentenced
her to pay a fine.
In a decision and order dated June 6, 2019, this court reversed the judgment of conviction
and granted defendant's motion to dismiss the simplified traffic information (People v
Epakchi, 63 Misc 3d 161[A], 2019 NY Slip Op 50913[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2019]). The Court of Appeals reversed, finding that the Appellate Term's
dismissal of the accusatory instrument lacked any legal basis. The Court of Appeals remitted the
matter to this court for consideration of the remaining appellate point that has not been
addressed, namely, whether the trial evidence was legally sufficient to support defendant's
conviction (People v Epakchi, 37 NY3d 39, 48 [2021]).
Evidence adduced at trial is legally sufficient to support a guilty verdict if it is "competent
evidence which, if accepted as true, would establish every element of an offense charged and the
defendant's commission thereof" (CPL 70.10). In other words, trial evidence is legally sufficient
if, when it and all reasonable inferences thereof are viewed in the light most favorable to the
People (see People v Gordon, 23
NY3d 643, 649 [2014]; People v Contes, 60 NY2d 620, 621 [1983]), "any valid line
of reasoning and permissible inferences could lead a rational person to the conclusion reached by
the fact finder" (People v Dubarry,
25 NY3d 161, 178 [2015] [internal quotation marks omitted]).
Viewing the evidence in the light most favorable to the People, we find that the evidence was
legally sufficient to support defendant's conviction of failing to stop at a stop sign. The officer
observed defendant's vehicle traveling through an intersection at a speed of 35-40 miles per hour
after failing to stop at a stop sign.
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022