■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DAVIS, Appellant. [624 NYS2d 896] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 5, 1991, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

Moreover, in view of the defendant's prior criminal history, his sentence is not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DENNIS, Appellant. [624 NYS2d 896] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered December 10, 1992, convicting him of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that the stolen vehicle that the defendant was convicted of possessing was worth more than $100 is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.