■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCES DUBREY, Respondent. [630 NYS2d 929] —Appeal by the People from an order of the County Court, Nassau County (Goodman, J.), dated February 27, 1992, which granted the defendant's motion to set aside the verdict convicting her of criminal possession of a controlled substance in the third degree and to dismiss that count of the indictment on the ground that the verdict was not supported by legally sufficient evidence.

Ordered that the order is reversed, on the law, the defendant's motion is denied, and the jury verdict convicting her of criminal possession of a controlled substance in the third degree and that count of the indictment are reinstated; and it is further,

Ordered that the matter is remitted to the County Court, Nassau County, for the imposition of sentence with respect to the defendant's conviction of criminal possession of a controlled substance in the third degree.

In deciding a motion for a trial order of dismissal under CPL 290.10 (1), the trial court must limit its review solely to the legal sufficiency of the evidence as defined in CPL 70.10 (1). In this process the court must view the evidence in the light most

favorable to the People *(see, People v Contes,* 60 NY2d 620). We find that the evidence presented by the People was legally sufficient to establish that the defendant was guilty of possession of a controlled substance in the third degree. Thus, reversal of the trial order of dismissal and reinstatement of the jury's verdict is warranted. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.