■ .In the Matter of DAYRON L., a Person Alleged to be a Juvenile Delinquent, Appellant. [631 NYS2d 542] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Joseph, J.), entered October 8, 1993, which, upon a fact-finding order of the same court, dated July 12, 1993, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and granted him a conditional discharge. The appeal from the order of disposition brings up for review the fact-finding order dated July 12, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contentions that the evidence was legally insufficient to establish that he knew that he did not have the consent of the owner of the subject vehicle and to specifically identify the vehicle are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Rodriguez,* 200 AD2d 775; *People v Udzinski,* 146 AD2d 245).

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's identity as a perpetrator of the crime beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the fact-finding order was not against the weight of the evidence. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.