◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH TAYLOR, Appellant. [632 NYS2d 665] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered September 28, 1993, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he committed assault in the first

degree is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's challenges to the admission of testimony relating to alleged prior abuse of his son, and the prosecutor's summation remarks about such testimony are, for the most part, unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski, supra,* at 250). In any event, it is submitted that the testimony to which the defendant takes issue did not violate the trial court's pretrial ruling on the admissibility of such testimony, and was relevant to negate the defense of accident *(see, People v Henson,* 33 NY2d 63, 72; *People v Kinder,* 75 AD2d 34, 45). Further, since the pretrial ruling specifically allowed such testimony at trial, the prosecutor's summation remarks regarding this evidence were proper and fully supported by the record.

The defendant has not preserved for appellate review his contention that the trial court improperly failed to sanction the prosecutor for the neurosurgeon's loss of a consultation sheet on which he had indicated that he suspected child abuse *(see,* CPL 470.05 [2]; *People v Udzinski, supra,* at 250). In any event, the neurosurgeon's consultation sheet was not *Rosario* material *(see, People v Washington,* 196 AD2d 346, 351, *affd* 86 NY2d 189).

The defendant's remaining claims of error are unpreserved for appellate review, without merit, or harmless. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.