voting with the majority. In my view, the court's *Allen* charge coerced conformity among the jurors and shamed them into reaching a verdict. The fact that a verdict was reached only an hour after the charge was delivered reinforces my view. Accordingly, I would reverse the defendant's judgment of conviction.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALEIGH SPEARING, Appellant. [636 NYS2d 850] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered October 29, 1993, convicting him of bribe receiving in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that his trial counsel did not provide him with meaningful representation because, *inter alia,* counsel chose to pursue the defense of factual innocence rather than entrapment. In light of the evidence, including the defendant's own testimony at trial, the entrapment defense was not a strong defense. Counsel's decision to forego the entrapment defense was a matter of strategy which was reasonable given the evidence, the law, and the circumstances of the case *(see, People v Baldi,* 54 NY2d 137; *see also, People v Brathwaite,* 139 AD2d 749).

The defendant's request for a missing-witness charge was untimely. In any event, the defendant, failed to sustain his burden of establishing that the uncalled witness was knowledgeable about a material issue in the case and that the witness would naturally be expected to provide testimony favorable to the People *(see, People v Kitching,* 78 NY2d 532, 536; *see also, People v Gonzalez,* 68 NY2d 424).

The defendant's remaining contentions, including those contained in the supplemental *pro se* brief, are either without merit or unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Stahl,* 53 NY2d 1048; *People v Udzinski,* 146 AD2d 245). Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR VALBUENA, Appellant. [637 NYS2d 315] —Appeal by the