■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE MARTELL, JR., Appellant. [661 NYS2d 978] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered July 28, 1993, convicting him of scheme to defraud in the first degree, forgery in the second degree (twelve counts), criminal possession of a forged instrument in the second degree (eight counts), and criminal possession of a forgery device (nine counts), upon a jury verdict, and sentencing him to an indeterminate term of $1\frac{1}{3}$ to 4 years imprisonment on the conviction of scheme to defraud; an indeterminate term of $1\frac{1}{2}$ to $4\frac{1}{2}$ years imprisonment on each conviction of forgery in the second degree, to run consecutively to the sentences imposed on the convictions for criminal possession of a forged instrument in the second degree and criminal possession of a forgery device but concurrently to the conviction of scheme to defraud; an indeterminate term of $1\frac{1}{2}$ to $4\frac{1}{2}$ years imprisonment on each conviction of criminal possession of a forged instrument in the second degree, to run consecutively to each other and concurrently to the convictions of scheme to defraud and forgery; an indeterminate term of $1\frac{1}{2}$ to $4\frac{1}{2}$ years on each conviction of criminal possession of a forgery device, to run consecutively to each other and to the

convictions for criminal possession of a forged instrument in the second degree, and concurrently to the convictions of scheme to defraud and forgery.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by directing that the sentences for the defendant's convictions run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's challenges to the legal sufficiency of the evidence are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was excessive to the extent indicated herein.

The defendant's remaining contentions lack merit. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.