■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL JOYNER, Appellant. [680 NYS2d 548] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered October 7, 1997, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention regarding the legal sufficiency of the evidence is unpreserved for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR M. MEDINA, JR., Appellant. [677 NYS2d 389] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered March 12, 1996, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal use of a firearm in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.