■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL JOHNSON, Appellant. [687 NYS2d 905] —Appeal by defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered October 22, 1997, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either not properly before this Court or without merit. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON JOHNSON, Appellant. [687 NYS2d 904] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 18, 1996, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant concedes that the evidence presented at trial was legally sufficient to sustain the verdict. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.