jury as to what constituted evidence and what constituted opinion and argument on the part of counsel.

However, as correctly conceded by the People, the two counts of assault in the second degree on which the defendant was convicted constituted concurrent inclusory counts of the two convictions of assault in the first degree (*see, People v Grier,* 37 NY2d 847; *People v Cantarero,* 248 AD2d 481; *People v Seaman,* 238 AD2d 449). Thus, the convictions of assault in the second degree must be vacated and those counts of the indictment dismissed.

The defendant's contention, raised in his supplemental *pro se* brief, that he did not receive the effective assistance of counsel is without merit (*see, People v Benevento,* 91 NY2d 708; *People v Flores,* 84 NY2d 184; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Wicker,* 229 AD2d 602). Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAFAYETTE MEANS, Appellant. [691 NYS2d 539] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered October 21, 1997, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the trial court's charge on acting in concert was improper is without merit as the court's instruction clearly conveyed to the jury that the defendant must have possessed the intent to commit the crime of attempted robbery in the first degree (*see, People v Jordan,* 187 AD2d 731; *People v Wise,* 135 AD2d 593; *People v Newton,* 120 AD2d 751; Penal Law § 20.00).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUNDHE MOSES, Appellant. [689 NYS2d 652] —Appeal by the de-