Contrary to the defendant's contention, the record clearly indicates that his waiver of a jury trial was a knowing and intelligent decision (see, People v Oglesby, 245 AD2d 469; People v Jackson, 220 AD2d 533).

As correctly conceded by the People, the defendant's sentence for the incest conviction should be reduced from 2 to 4 years to 1 1/3 to 4 years. Since the defendant had no prior felony convictions, his minimum sentence should have been one-third rather than one-half of the maximum (see, Penal Law § 70.00 [3] [b]; see also, People v Glass, 242 AD2d 305; People v Toledo, 204 AD2d 667). Accordingly, the minimum sentence should be reduced from 2 years to 1 1/3 years. As the court clearly intended to sentence the defendant to the maximum possible term with respect to this count, the matter need not be remitted for resentencing (see, People v Fabian, 240 AD2d 591; People v Correll, 207 AD2d 410; People v Persaud, 166 AD2d 466). Moreover, the sentence imposed on the remaining convictions was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHALIQ PETERSON, Appellant. [691 NYS2d 925] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 3, 1995, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. O'Brien, J. P., Sullivan, Joy and Smith, JJ., concur.