When the facts in this case are viewed within the context of the foregoing criteria, it is evident that the police possessed probable cause to believe the defendant had committed the crimes in question. The defendant was found in the same van that the police previously observed at the ransom location with the same man who picked up the ransom and two other men. In addition, he was found at a location agreed upon in a telephone conversation on the kidnappers' cellular telephone which the police had intercepted.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYQUAN JABAN, Appellant. [708 NYS2d 624] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered December 15, 1998, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion, the trial court providently exercised its discretion in rendering its *Sandoval* ruling (*see, People v Walker,* 83 NY2d 455; *People v Pavao,* 59 NY2d 282; *People v Sandoval,* 34 NY2d 371).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.