■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GONZALEZ, Appellant. [715 NYS2d 154] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered January 7, 1999, convicting him of murder in the second degree, attempted assault in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention does not require reversal. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRADY, Appellant. [716 NYS2d 865] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered January 15, 1999, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence is unpreserved for appellate review (*see, People v Bynum,* 70 NY2d 858, 859). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.