OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant contends that the information was defective because of an allegedly defective supporting deposition. However, defendant refers to the original information that was superseded by a second information (CPL 100.50 [1]) which specifically stated that it was based on the personal knowledge of the complainant Sergeant Hurley. Said superseding information was jurisdictionally sufficient to charge defendant with disorderly conduct (Penal Law § 240.20 [4]) and trespass (Penal Law § 140.05).
At a Town Board meeting, defendant, as well as the other members of the public present, were informed that they would be allowed to speak regarding designated topics on the agenda. However, defendant incessantly raised nonagenda items thereby intentionally inconveniencing and annoying those in attendance at the Town Board meeting, a “lawful assembly or meeting of persons” (Penal Law § 240.20 [4]). Despite the Town Supervisor’s warnings that he would be asked to leave if he did not address the topics at hand, defendant persisted in asking questions and making comments as to matters not on the agenda, ultimately antagonizing the Town Board and provoking them to engage in heated discussions, thereby disrupting the meeting. Viewing the evidence in a light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find it was legally sufficient to establish defendant’s guilt of disorderly conduct beyond a reasonable doubt (see People v Malone, 156 App Div 10 [1913]).
As a result of defendant’s disruptive behavior at the Town Board meeting, he was ultimately asked to leave by persons with authority, the Town Supervisor and Sergeant Hurley. De *66 fendant refused to leave and continued to remain unlawfully at the public meeting, despite the fact that his license and privilege to be present thereat had been revoked (see Penal Law § 140.05; People v Leonard, 62 NY2d 404, 408 [1984]). Thus, the evidence adduced at trial was legally sufficient to establish defendant’s guilt of trespass beyond a reasonable doubt (see People v Leonard, 62 NY2d 404 [1984], supra; People v Taylor, 164 Misc 2d 868 [App Term, 9th & 10th Jud Dists 1995]).
We note that the government has a significant interest in controlling the agenda and preventing the disruption of public meetings of governmental bodies (see Jones v Heyman, 888 F2d 1328 [11th Cir 1989]; see also Madison Joint School Dist. No. 8 v Wisconsin Employment Relations Comm’n, 429 US 167, 175 n 8 [1976] [governmental bodies “may confine their meetings to specified subject matter”]). Although the Court in People v Dupont (107 AD2d 247, 255-256 [1985]) stated that “[t]he fact that certain modes of expression may be ‘annoying’ to others does not require an individual to forfeit his rights under the 1st Amendment to make those expressions . . . ,” it has been held that
“a City Council meeting is ... a governmental process with a governmental purpose . . . Public forum or not, the usual [F]irst [A]mendment antipathy to content-orientated control of speech cannot be imported into the Council chambers intact ... in dealing with agenda items, the Council does not violate the [F]irst [A]mendment when it restricts public speakers to the subject at hand . . . While a speaker may not be stopped from speaking because the moderator disagrees with the viewpoint he is expressing ... it certainly may stop him if his speech becomes irrelevant or repetitious” (White v City of Norwalk, 900 F2d 1421, 1425 [9th Cir 1990]).
In the case at bar, defendant’s questions were irrelevant to the purpose of the meeting and inappropriate for the time and place, as the public was only privileged to discuss topics set forth on the agenda. We are of the opinion that the Town Board’s actions were narrowly tailored to a significant interest, to wit, addressing matters on the agenda in an orderly and efficient manner. Furthermore, rather than restrict defendant’s speech completely, the Town Board merely directed him to discuss agenda-related matters.
In view of the foregoing, the judgment of conviction is affirmed.