■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRONX AUTO VENTURE CORPORATION, Appellant, et al., Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CHIAPPERINO, Appellant, et al., Defendant. [828 NYS2d 304]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered April 5, 2005, convicting defendants, after a jury trial, of endangering public health, safety or the environment in the second degree (ECL 71-2713 [3]), endangering public health, safety or the environment in the fourth degree (ECL 71-2711 [3]) (two counts), and reckless endangerment in the second degree, and sentencing the corporate defendant to an aggregate fine of $16,000, payment of disposal and restoration costs pursuant to ECL 71-2723 and a conditional discharge, and sentencing the individual defendant to two consecutive terms of three months' imprisonment concurrent with a term of five years' probation, and payment of disposal and restoration costs pursuant to ECL 71-2723, unanimously affirmed. The matter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5) with respect to the individual defendant.

Viewing the evidence in the light most favorable to the People (*People v Contes*, 60 NY2d 620, 621 [1983]), we find that a rational trier of fact could have found that the People established every element of the crime of endangering public health, safety or the environment in the second degree (ECL 71-2713 [3]). The People's proof established that defendants routinely allowed petroleum products, a hazardous substance (6 NYCRR 597.1 [a] [3] [ix]), to be removed from dismantled vehicles and deposited on the ground where they were then either leached or channeled to pits, and to an oil/water separator tank, which was not a suitable container for such substances. The People also established that on December 15, 2003, a service had removed hazardous substances from this tank, and the jury could have reasonably inferred that the tank was substantially emptied at that time. No further substances were removed from this location until April 15, 2004, the end of the subject time period. On that day and the next, the service removed some 5,500 gallons of oily sludge and substances from this tank. Thus, the jury could have reasonably inferred that this amount had accumulated during the relevant time period. The jury was properly permitted to include the amount of other waste material in determining whether the statutory threshold of 1,500 gallons had been reached, since the additional waste material also constituted "petroleum" (6 NYCRR 597.1 [a] [7]).

The People's bill of particulars accurately described the crime charged and proven at trial. The People did not change theories at trial, but merely presented evidence proving the theory presented in the bill of particulars and in the indictment. The People were not required to include in the bill of particulars "how the people intend[ed] to prove the elements of the offense charged or how the people intend[ed] to prove any item of factual information included in the bill of particulars" (CPL 200.95 [1] [a]).

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Sullivan, Nardelli, Sweeny and Malone, JJ.