Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered September 27, 2011, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was arrested on May 6, 2010, at the P.C. Richard store in Nanuet, where he was employed as a salesperson. The defendant was charged with grand larceny in the fourth degree, based on allegations that he stole merchandise from the store, which was identified at trial as a laptop computer, a 40-inch television, and an air-conditioner, none of which was recovered.
The operations manager, a corporate security investigator, and a member of corporate security at the Nanuet store described the steps they took in reviewing electronics inventory and sales records, which enabled them to identify the stolen items by model number and assign a time frame in which the item had disappeared from inventory. Additional documents enabled the People to establish a value for each of the items, according to their respective model numbers. The witnesses also testified about reviewing the videotaped surveillance records according to time frame, which showed the defendant take each of the items from its storage place on three separate dates within a two-week period, and exit the store with the item the same day, without scanning it to reflect its removal from inventory or obtaining a sales receipt or other ticket, contrary to established store policy and without having permission to remove the items from the premises.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of grand larceny in the fourth degree. Further, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Contrary to the defendant’s contention, the County Court properly refused to charge the jury pursuant to Penal Law § 155.20 (4), which applies where the value of stolen property “cannot be satisfactorily ascertained [and] shall be deemed to be an amount less than two hundred fifty dollars” (Penal Law § 155.20 [4]).
*868 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 82 [1982]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.