The People of the State of New York, Respondent,
against
Luis Quiros, Appellant. 




Luis Quiros, appellant pro se.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Mamaroneck, Westchester County (Daniel J. Gallagher, J.), rendered February 21, 2019. The judgment, after a nonjury trial, convicted defendant of failing to obey a traffic control device, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the simplified traffic information is dismissed, and the fine, if paid, is remitted.
Following a nonjury trial, defendant was convicted of violating Vehicle and Traffic Law § 1110 (a) for disobeying a traffic control device by crossing solid double yellow lines while making a U-turn. 
Although defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491—492 [2008]), as a matter of discretion in the interest of justice, we reach the issue and find that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally insufficient to support a conviction of Vehicle and Traffic Law § 1110 (a). Pavement markings, such as solid double yellow lines, are considered to be a "traffic-control device" for purposes of Vehicle and Traffic Law § 1110 (see Vehicle and Traffic Law § 153; James M. Rose, New York Vehicle and Traffic Law § 26:3 [2d ed]). However, crossing solid double yellow lines for purposes of making a left turn or a U-turn is not per se illegal (see Vehicle and Traffic Law § 1126 [b]; People v Hirsch, 29 Misc 3d 144[A], 2010 NY Slip Op 52215[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [finding that it is not inherently unlawful to cross solid double yellow lines]; People v Sykes, 27 Misc 3d 133[A], 2010 NY Slip Op 50703[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Williams, NYLJ, April 26, 1986 [App Term, 2d Dept, 9th & 10th Jud Dists]; People v D'Agostino, NYLJ, April 26, [*2]1985 [App Term, 2d Dept, 9th & 10th Jud Dists]),[FN1]
 as opposed to crossing those lines for the purpose of passing a vehicle traveling in the same direction, which is illegal (see Vehicle and Traffic Law § 1126 [a]).[FN2]
While U-turns may be prohibited for other purposes (see e.g. Vehicle and Traffic Law §§ 1160 [e]; 1161), or where a sign specifically prohibits such a maneuver, there is no provision contained within the Vehicle and Traffic Law which prohibits the crossing of solid double yellow lines to make a U-turn. In view of the foregoing, defendant did not commit a traffic infraction. 

Accordingly, the judgment of conviction is reversed and the simplified traffic information is dismissed.

TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 30, 2020



Footnotes

Footnote 1: We note that the Driver's Manual, published by the Department of Motor Vehicles, provides the following: "Double solid lines: . . . You cannot go across the lines except to turn left to enter or leave the highway (e.g., to or from a driveway or to do a U-turn . . .)" (emphasis added) (https://dmv.ny.gov/about-dmv/chapter-4-traffic-control-2#pav-mar).

Footnote 2: The Driver's Manual published by the Department of Motor Vehicles further provides, with respect to solid double lines, "You can not pass or change lanes" (https://dmv.ny.gov/about-dmv/chapter-4-traffic-control-2#pav-mar).
~~Moreover, the Manual on Uniform Traffic Control Devices for Streets and Highways (MUTCD), which has been adopted in New York State (see Vehicle and Traffic Law § 1680), provides, for traffic traveling in either direction, that two-direction no-passing zone markings consisting of two normal solid yellow lines prohibit crossing the center line markings for the purpose of passing a vehicle traveling in the same direction (see MUTCD § 3B.01 [C]).